IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ANGI HORVEI | : | |
| --- | --- | --- |
| | : | |
| v. | : | CIVIL ACTION |
| | : | No. 22-2101 |
| TRANS UNION, LLC et al. | : | |

**McHUGH, J.**  August 22, 2022

**MEMORANDUM**

Plaintiff Angi Horvei has brought claims against several credit reporting agencies, debt collectors, and a consumer lender for allegedly furnishing and publishing inaccurate information about Plaintiff's credit history. ECF 1. Defendant Portfolio Recovery Associates, LLC and LVNV Funding, LLC move to dismiss for lack of personal jurisdiction, ECF 10, 11. Because I am persuaded that Plaintiff cannot establish jurisdiction over this defendant, I will grant the motion in full.

**I.      Standard of Review**

After a defendant has raised a challenge to personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), the burden shifts to the plaintiff to establish the court's jurisdiction over that defendant. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). Because I am not holding an evidentiary hearing, Plaintiff need only establish a *prima facie* case of personal jurisdiction. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007). To meet that standard, Plaintiff must demonstrate "with reasonable particularity sufficient contacts between the defendant and the forum state," *Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992), with the Court "required to accept the plaintiff's allegations as true, and ...

to construe disputed facts in favor of the plaintiff." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003).

## II.   Discussion[1]

Plaintiff Angi Horvei is a resident of New York.  Compl. ¶ 4, ECF 1.  Defendant Portfolio Recovery Associates, LLC is headquartered in Virginia.  *Id.* ¶ 8.  Defendant PRA is incorporated in Delaware.  PRA's Memo, Ex. A (Delaware Dept. of State, Division of Corporations, online record search for Portfolio Associates), ECF 10-1. Defendant LVNV is headquartered in South Carolina. Compl. ¶ 9. It is incorporated in Delaware. LVNV's Mem., Ex. A (Delaware Dept. of State, Division of Corporations, online record search for LVNV Funding), ECF 11-1. The only facts that Plaintiff alleges in the Complaint that at all tie this case to the forum state of Pennsylvania is an averment that Co-Defendant Trans Union LLC has a "principal office" in Crum Lynne, Pennsylvania, Compl. ¶ 5, coupled with allegations that PRA and LVNV do substantial business with Trans Union, thereby creating jurisdiction here.[2]

A court may exercise general or specific personal jurisdiction.  To exercise general jurisdiction over a defendant, its "affiliations with the State [must be] so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). According to the Supreme Court, the "paradigm" forums for the exercise of general jurisdiction "are the corporation's place of incorporation and its principal place of business." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017).  The Supreme Court has further opined that only in "exceptional" cases will general jurisdiction be found over a foreign corporation that is not headquartered in the forum where the

---

[1] I draw heavily on my analysis in *Greene v. Trans Union, LLC*, No. 21-CV-4446, 2022 WL 267587 (E.D. Pa. Jan. 28, 2022) because the facts in both cases are nearly identical.

[2] Trans Union has not yet answered the Complaint.

case is brought. *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (2014). Because of these limiting principles adopted in recent cases, the Third Circuit has concluded that "it is incredibly difficult to establish general jurisdiction over a corporation in a forum *other* than the place of incorporation or principal place of business." *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 223 (3d Cir. 2016) (emphasis in original).

Plaintiff argues that PRA and LVNV's debt collecting activities in Pennsylvania, including numerous legal actions against Pennsylvania residents, when coupled with their business dealings with Trans Union, are sufficiently "continuous and systematic" to render them at home in Pennsylvania. Pl's Br. at 9-11, ECF 15; Pl.'s Br. at 9-11, ECF 16. Even if Trans Union's principal office is here—an allegation that I accept as true for present purposes—and further assuming that PRA and LVNV did substantial business with it, that would still not suffice to create general jurisdiction over PRA and LVNV.[3] As the Supreme Court has found in several cases involving large, multinational corporations with far more extensive national footprints than the debt collector at issue here, simply doing business in a state is not enough to prove an exception to the rule that the state of incorporation and the state of headquarters are the primary nexus of general jurisdiction. *See BNSF Railway*, 137 S. Ct. at 1559; *Daimler AG*, 571 U.S. at 138-139; *Goodyear*, 564 U.S. at 927-929. In *BNSF Railway*, where defendant owned "over 2,000 miles of railroad track and more than 2,000 employees" in the forum state, the Supreme Court stated that the focus of general jurisdiction is not "solely on the magnitude of the defendant's in-state contacts," but instead appraises "a corporation's activities in their entirety." 137 S. Ct. at 1559 (quoting *Daimler AG*, 571 U.S. at 762 n.20). If a major railroad and

---

[3] I must accept Plaintiff's allegation that Trans Union's principal office is in Pennsylvania. However, there is substantial evidence not in the record but contained in public filings to the SEC that Trans Union is incorporated in Delaware, and its principal place of business is in Chicago, Illinois.

3

corporate behemoths such as Goodyear and Daimler Chrysler are not subject to general jurisdiction based on the reach of their business, it is self-evident that LVNV and PRA are not.

To establish specific jurisdiction, a defendant must have "certain minimum contacts ... such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). This Circuit has distilled *International Shoe*'s standard, as later refined by other Supreme Court decisions, into a three-part test: "First, the defendant must have purposefully directed its activities at the forum. Second, the litigation must arise out of or relate to at least one of those activities. And third, ... the exercise of jurisdiction [must] comport with fair play and substantial justice." *Sandy Lane Hotel Co.*, 496 F.3d at 317. As the Supreme Court has emphasized, the second part of that test requires "a connection between the forum and the specific claims at issue." *Bristol-Myers Squibb Co. v. Super. Ct. of California, San Francisco County*, 137 S. Ct. 1773, 1781 (2017).

Similar to her arguments for general jurisdiction, Plaintiff relies almost exclusively on PRA and LVNV's debt collection activities against Pennsylvania residents in Pennsylvania courts to attempt to establish specific personal jurisdiction. To that end, Plaintiff counts and lists hundreds of debt collection actions filed in Bucks County, Pennsylvania, numerous suits in Montgomery County, Pennsylvania, and numerous suits in federal district courts located in Pennsylvania. Pl.'s Br. at 8-9, ECF 15; Pl.'s Br. at 8-9, ECF 16. Plaintiff is correct that the debt collection activities of PRA and LVNV are—in a general sense— "related to" the credit reporting claims derived from debt collection activities directed against the Plaintiff.  But Plaintiff has failed to establish "a connection between the forum and the specific claims at issue." Plaintiff is a New York resident, not a Pennsylvania resident, and PRA and LVNV Funding's

collection of debts against Pennsylvania residents did not give rise to Plaintiff's specific claims. Plaintiff contends that she contested the debt with Trans Union in Pennsylvania. ECF 15 at 10; ECF 16 at 10. The paragraphs of the Complaint to which Plaintiff cites, ¶¶ 17 and 22, do not specify where Plaintiff contacted Trans Union.  But even if the Complaint were pleaded with that specificity, such allegations would go to the activity of Plaintiff and Trans Union, not conduct on the part of PRA and LVNV related to this claim. Plaintiff has therefore failed to allege "with reasonable particularity" that PRA and LVNV Funding's purposeful direction of activities towards Pennsylvania gave rise to the specific claims at issue and cannot establish specific jurisdiction over PRA and LVNV Funding as to this action.

### III. Conclusion

For the reasons set forth above, Defendant LVNV Funding's Motion to Dismiss is granted in full. An appropriate order follows.

/s/ Gerald Austin McHugh<br>
United States District Judge